IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00968-LTB

ROY J. MAIN,

      Plaintiff,

v.

PAROLE BOARD CHAIRPERSON MIKE ANDERSON,
PAROLE BOARD MEMBER MIKE ANDERSON, and
PAROLE BOARD MEMBER PAT WAAK,

      Defendants.

---

## ORDER GRANTING MOTION FOR RECONSIDERATION

---

      Plaintiff, Roy J. Main, has filed *pro se* on June 13, 2012, a Motion for

Reconsideration (ECF No. 9) in which he asks the Court to reconsider and vacate the

Order of Dismissal and the Judgment entered in this action on May 30, 2012.  The

Court must construe the motion liberally because Mr. Main is not represented by an

attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion will be

granted.

      A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Plaintiffs' Motion for Reconsideration pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice because Mr. Main failed to comply with a court order directing him either to pay an initial partial filing fee or to show cause why he was unable to pay the initial partial filing fee. On April 16, 2012, Magistrate Judge Boyd N. Boland granted Mr. Main leave to proceed *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915 and, pursuant to § 1915(b)(1), Mr. Main was directed either to pay an initial partial filing fee of $17.00 or to show cause why he was unable to pay the initial partial filing fee. Magistrate Judge Boland warned Mr. Main that the action would be dismissed without further notice of he failed either to pay the initial partial filing fee or to show cause within thirty days. The Court dismissed the instant action after Mr. Main failed to respond to Magistrate Judge Boland's April 16 order within the time allowed. As noted above, the Order of Dismissal and the Judgment were entered on May 30, 2012. On May 31, 2012, the Court received from Mr. Main a

2

filing fee payment in the amount of $5.00.  On June 12, 2012, the Court received from

Mr. Main another filing fee payment in the amount of $2.60.

Mr. Main alleges in the Motion for Reconsideration that he did not receive a copy

of Magistrate Judge Boland's April 16 order granting him leave to proceed *in forma*

*pauperis*; that he sent a letter to the clerk of the Court on May 9, 2012, inquiring about

the status of this action and apparently received a copy of the Court's docket sheet in

response to that letter; that he sent in the $5.00 payment because he was waiting for,

but had not received, any court order granting leave to proceed *in forma pauperis* and

directing him to pay an initial partial filing fee; and that he has received confirmation

from the prison mailroom that the order granting leave to proceed *in forma pauperis* was

not sent to him.

The copy of Magistrate Judge Boland's April 16 order that was mailed to Mr.

Main was not returned to the Court undelivered.  However, the Court's docketing

records now reveal that Mr. Main submitted a letter to the Court inquiring about the

status of this case before the Order of Dismissal and the Judgment were entered on

May 30.  (*See* ECF No. 10).  The letter is dated May 4, 2012, and Mr. Main indicates in

the letter that he had not received any orders in this action at that time.  Although the

letter was received by the Court on May 8, 2012, the letter was not entered on the

docket until June 15, 2012.  (*See id.*)

Because it is not clear whether Mr. Main received a copy of Magistrate Judge

Boland's April 16 order granting leave to proceed *in forma pauperis* and directing Mr.

Main to pay an initial partial filing fee, the Court finds that the interests of justice would

be served by vacating the order dismissing this action.  Therefore, the Motion for

Reconsideration will be granted.  The case will be returned to the Pro Se Docket for review under § 1915(e)(2).  Accordingly, it is

ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 9) filed on June 13, 2012, is GRANTED.  It is

FURTHER ORDERED that the Order of Dismissal (ECF No. 5) and the Judgment (ECF No. 6) entered in this action on May 30, 2012, are VACATED.  It is

FURTHER ORDERED that the clerk of the Court reinstate and return this action to the Pro Se Docket.  It is

FURTHER ORDERED that the clerk of the Court mail to Plaintiff, together with a copy of this order, a copy of the Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 4) entered in this action on April 16, 2012.

DATED at Denver, Colorado, this  19th  day of  ___June_____, 2012.

BY THE COURT:


   s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court