IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00968-BNB

ROY J. MAIN,

     Plaintiff,

v.

PAROLE BOARD CHAIRPERSON MIKE ANDERSON,
PAROLE BOARD MEMBER MIKE ANDERSON, and
PAROLE BOARD MEMBER PAT WAAK,

     Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Roy J. Main, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado.  Mr. Main has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 challenging one or more decisions denying him release on parole.  As relief Mr. Main seeks damages and immediate discharge from prison without parole.  For the reasons stated below, the action will be dismissed.

The Court must construe the Prisoner Complaint liberally because Mr. Main is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court

should not be an advocate for a *pro se* litigant.  *See id*.

As noted above, Mr. Main is challenging one or more decisions denying him

release on parole.  He asserts four claims for relief in which he contends that Colorado

parole board members have abused their discretion in denying him parole by relying on

continued therapy needs when such therapy is not required; by relying on public risk

factors even though he does not present a public risk; by relying on aggravating factors

that are more than twenty years old; and by relying on failed polygraph examinations.

Although Mr. Main indicates that he has been denied parole multiple times over

seventeen years, he specifically alleges that the named Defendants are responsible for

denying him release on parole in July 2011.  (See ECF No. 1 at 2.)

To the extent Mr. Main seeks to be released from custody, he may not pursue his

claims in this 42 U.S.C. § 1983 action because his sole federal remedy is a writ of

habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973) (holding that

"when a state prisoner is challenging the very fact or duration of his physical

imprisonment, and the relief he seeks is a determination that he is entitled to immediate

release or a speedier release from that imprisonment, his sole federal remedy is a writ

of habeas corpus").  If Mr. Main wishes to pursue any habeas corpus claims, he must

file a separate habeas corpus action naming a proper Respondent and he must use the

proper habeas corpus application form.  Mr. Main is advised that any habeas corpus

action he may wish to pursue is subject to a one-year limitation period.  *See* 28 U.S.C. §

2244(d).

Mr. Main's claims for damages, which may be asserted in a § 1983 action, will be

dismissed because those claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.  Although Mr. Main is not challenging the validity of his conviction or sentence, the rule in *Heck* also applies to his claims challenging the denial of parole.  *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation).  In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

It is indisputable that Mr. Main's claims challenging the denial of parole implicate the validity of his continued confinement.  It also is apparent that Mr. Main has not invalidated the validity of the parole denials he is challenging in this action.  Therefore, the Court finds that Mr. Main's claims for damages are barred by the rule in *Heck* and must be dismissed.  The dismissal will be without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369

U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without

prejudice because the habeas corpus claims may not be raised in this action pursuant

to 42 U.S.C. § 1983 and the claims for damages are barred by the rule in *Heck*.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __5th__ day of ____July_____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4